UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:19-CV-00066-LLK

GREGORY KENT BONNER                                                                             PLAINTIFF

v.

ANDREW SAUL, Commissioner of Social Security                                   DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Plaintiff's complaint seeking judicial review, pursuant to 42 U.S.C. § 405(g), of the final decision of the Commissioner denying his claim for social security disability benefits. The fact and law summaries of Plaintiff and Defendant are at Dockets Number ("DN") 21 and 27. The parties have consented to the jurisdiction of the undersigned Magistrate Judge to determine this case, with any appeal lying before the Sixth Circuit Court of Appeals. [DN 15].

Because the Administrative Law Judge's ("ALJ's") decision is supported by substantial evidence and Plaintiff's two arguments are unpersuasive, the Court will AFFIRM the Commissioner's final decision and DISMISS Plaintiff's complaint.

**Plaintiff failed to prove that his degenerative disc disease satisfies Listing 1.04.**

First, Plaintiff argues that the ALJ erred in finding that "[t]he medical evidence establishes degenerative disc disease of the lumbar spine, but the evidence does not satisfy the criteria of section 1.04" of Appendix 1 of the regulations, the so-called "Listing" of medical impairments. (DN 21 at 4-7 referencing Administrative Record ("AR") at 18). The ALJ found (explained) that Plaintiff's degenerative disc disease does not satisfy Listing 1.04 because "the record is devoid of evidence of nerve root compression, spinal arachnoiditis, or lumbar spinal stenosis with accompanying ineffective ambulation." *Id.* These findings correspond to subsections (A), (B), and (C) of Listing 1.04.

Plaintiff carries the burden of proving that the clinical criteria of a listed impairment are satisfied, and this burden is construed strictly because the Listing represents an automatic screening in of an impairment as per-se disabling (independently of any other medical or vocational factor). *See Sullivan v. Zebley*, 493 U.S. 521, 530 (1990) ("An impairment that manifests only some of [a listed impairment's] criteria, no matter how severely, does not qualify."); *Elam ex rel. Golay v. Comm'r of Soc. Sec.*, 348 F.3d 124, 125 (6th Cir. 2003) ("It is insufficient that a claimant comes close to meeting the requirements of a listed impairment.").

Besides simply quoting the language of Listing 1.04, Plaintiff's fact and law summary makes no mention of any of nerve root "compression," spinal "arachnoiditis," or lumbar spinal "stenosis" – much less a page reference to the administrative record showing the presence of these clinical criteria. The Court declines to search (on its own initiative, going beyond what Plaintiff himself cites) 838 pages of the administrative record in search of clinical evidence supporting or undermining Plaintiff's Listing 1.04 argument. *See McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to ... put flesh on its bones.").

**There was no "treating physician" rule violation.**

The so-called "treating physician" rule is codified at 20 C.F.R. § 404.1527(c)(2), but it applies only to "medical opinions" from treating sources:

> *Treatment relationship.* Generally, we give more weight to **medical opinions** from your treating sources, since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of your medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations. If we find that a treating source's **medical opinion** on the issue(s) of the nature and severity of your impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in your case record, we will give it controlling weight. When we do not give the treating source's **medical opinion** controlling weight, we apply the factors listed in paragraphs (c)(2)(i) and (c)(2)(ii)

of this section, as well as the factors in paragraphs (c)(3) through (c)(6) of this section in determining the weight to give the medical opinion. We will always give good reasons in our notice of determination or decision for the weight we give your treating source's **medical opinion**.

20 C.F.R. § 404.1527(c)(2). "Medical opinions are statements from acceptable medical sources that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions." 20 C.F.R. § 404.1527(a)(1).

While Plaintiff refers to raw medical data and diagnoses in his treatment records at pages 458, 551-52, 784-89 of the administrative record, these do not qualify as medical opinions. *See Rudd v. Comm'r*, 531 F. App'x 719, 726 (6th Cir. 2013) ("As a lay person, [neither the ALJ, nor Plaintiff, nor this Court is] qualified to interpret raw medical data in functional terms."); *Lee v. Comm'r*, 529 F. App'x 706, 713 (6th Cir. 2013) ("The mere diagnosis of [an impairment] ... says nothing about the severity of the condition."). Under the circumstances, the ALJ properly gave "great weight" to the opinions of the Commissioner's examining and program sources regarding what Plaintiff can still do despite his impairments. [AR at 20]. *See Watts v. Comm'r*, 179 F. App'x 290, 294 (6th Cir. 2006) ("As for her ability to work, none of Watts's treating doctors during the relevant period ... made detailed functional capacity analyses, which leaves the functional capacity forms from the medical reviewers as the best evidence.").

**Order**

Because the Administrative Law Judge's ("ALJ's") decision is supported by substantial evidence and Plaintiff's two arguments are unpersuasive, the Court hereby AFFIRMS the Commissioner's final decision and DISMISSES Plaintiff's complaint.

**Lanny King, Magistrate Judge**
**United States District Court**

May 19, 2020